# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00623-CV

Steven J. Ingram, Appellant

v.

Travis County Sheriff's Department and Greg Hamilton,
in his present capacity as Travis County Sheriff, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN500562, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

On October 18, 2006, appellant Steven Ingram filed a notice of appeal stating that he was appealing from the trial court's order of dismissal, signed August 24, 2005. In his notice of appeal, he stated that he filed a motion to modify the judgment on July 17, 2006. In response to an inquiry by this Court, he asserts that his notice of appeal was timely, arguing that each time he filed a motion for new trial or request for findings of fact and conclusions of law, his deadline for filing a notice of appeal or other document was extended.[1] Appellant is mistaken as to the effect of the

---

[1] Appellant argues that his timely first motion for new trial, filed on September 23, 2005, was overruled as a matter of law seventy-five days later and was a "new final judgment by default," which gave him a new deadline for filing post-judgment motions within thirty days. He argues that his second motion for new trial was thus timely filed on January 30, 2006, and, when not ruled on within seventy-five days, "the deadline for the next motion was" May 15, 2006. He argues that his request for findings of fact and conclusions of law, filed May 5, 2006, was timely and extended his deadline again to June, 5, 2006, when appellant filed a notice of past-due findings and conclusions, which in turn made his July 17, 2006 motion to modify timely filed. Finally, he contends that the motion to modify had the effect of extending his appellate deadline another seventy-five days, which, he claims, means that his notice of appeal, filed September 29, 2006, was timely.

filing of such motions.  When a motion for new trial is timely filed, as was his first motion for new trial, filed on September 23, 2005, but not ruled on by written order within seventy-five days, it is considered overruled as a matter of law.  Tex. R. Civ. P. 329b(c).  When a motion for new trial is timely filed, the notice of appeal "must be filed within 90 days after the judgment is signed."  Tex. R. App. P. 26.1(a).  An overruled motion for new trial does not begin a new time line for filing repeated motions for new trial or requests for findings of fact and conclusions of law.  Therefore, appellant's notice of appeal was due on November 22, 2005, ninety days from August 24, 2005, the date the order of dismissal was signed.  His second motion for new trial, request for findings and conclusions, notice of overdue findings and conclusions, and motion to modify were of no effect and did not extend his appellate deadlines.  Therefore, appellant's notice of appeal, filed on September 29, 2006, was not timely and cannot invoke our appellate jurisdiction, and we must dismiss this appeal for lack of jurisdiction.  Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Dismissed for Want of Jurisdiction

Filed:   January 9, 2007

2